DA 10-0252

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 159N

CITY OF BILLINGS,

        Plaintiff and Appellee,

   v.

SABAH OMRAN MALLAK,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 08-665
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Joslyn Hunt, Chief Appellate Defender; Jennifer A. Hurley,
Assistant Appellate Defender, Helena, Montana

        For Appellee:

                Steve Bullock, Montana Attorney General; C. Mark Fowler,
Assistant Attorney General, Helena, Montana

                Brent Brooks, Billings City Attorney; Melanie S. Pfeifer, Deputy
City Attorney, Billings, Montana

Submitted on Briefs:  May 11, 2011

Decided:   June 28, 2011

Filed:

_____

                        Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Sabah Mallak appeals from an order of the District Court, Thirteenth Judicial District, Yellowstone County, denying Mallak's appeal and affirming the judgment of the Billings Municipal Court. We affirm.

## ISSUE

¶3 Mallak's sole issue on appeal is whether the District Court correctly concluded that the Municipal Court did not err in denying his motions to substitute counsel.

## BACKGROUND

¶4 On July 16, 2008, Mallak was charged with misdemeanor assault pursuant to § 45-5-201(1)(a), MCA. He was assigned counsel by the Office of the Public Defender and eventually reassigned to attorney Jeffery Michael. Trial was scheduled for October 10, 2008. Mallak was incarcerated from August 22, 2008 to September 26, 2008, when he posted bail.

¶5 On October 10, 2008, the parties attended a pretrial conference. At conference, Mallak complained he had not spoken to Michael until that morning. The Municipal Court asked Mallak follow-up questions and subsequently sought a response from Michael. After Michael responded, the Municipal Court concluded that Mallak's complaint did not warrant action. The parties proceeded to trial, and a jury found Mallak guilty.

2

¶6    On October 30, 2008, Mallak appeared at sentencing with Michael. Before the hearing began, Michael informed the Municipal Court that Mallak had attempted to relieve him as counsel that morning, but he refused to withdraw representation. Michael explained his intention to remain as counsel until he could file an appeal to the District Court. The Municipal Court considered the circumstances, determined Michael's plan was reasonable, asked Mallak if he understood, and proceeded to sentencing.

¶7    On October 31, 2008, Michael, filed an appeal in District Court on Mallak's behalf and moved to withdraw as counsel. His motion was granted, and Mallak was assigned new counsel. In District Court, Mallak asserted that the Municipal Court failed to make adequate inquiries regarding his complaints against Michael. The District Court denied Mallak's appeal and affirmed his conviction. Mallak appealed the District Court's order to this Court.

STANDARD OF REVIEW

¶8    "A request for substitution of appointed counsel is within the sound discretion of the district court, and this Court will not overrule such a ruling absent an abuse of discretion." *Robinson v. State*, 2010 MT 108, ¶ 11, 356 Mont. 282, 232 P.3d 403.

¶9    District court review of a municipal court's order or judgment is limited to review of the record and questions of law. *City of Kalispell v. Miller*, 2010 MT 62, ¶ 9, 355 Mont. 379, 230 P.3d 792. We review a district court's conclusions of law to determine whether they are correct. *Id.*

DISCUSSION

¶10     Mallak argues that he sought substitution of counsel twice, and the Municipal Court erroneously denied his motion both times. First, he argues that the Municipal Court abused its discretion when it failed to hold a hearing on his seemingly substantial complaints raised at the pretrial conference. Second, Mallak argues the Municipal Court abused its discretion when it failed to conduct an adequate inquiry into his request for substitute counsel prior to sentencing. We address each contention in turn.

¶11     Criminal defendants have a fundamental right to effective assistance of counsel under the Sixth Amendment of the United States Constitution, and Article II, section 24 of the Montana Constitution. *State v. Happel*, 2010 MT 200, ¶ 14, 357 Mont. 390, 240 P.3d 1016. When a defendant alleges ineffective assistance of counsel and requests appointment of new counsel, a court must conduct an "adequate initial inquiry" in order to determine whether the defendant's claim is "seemingly substantial." *Id.*

¶12     To make an "adequate initial inquiry," a court must analyze the defendant's complaints and make some form of critical analysis. *Happel*, ¶ 14 (quoting *State v. Finley*, 276 Mont. 126, 143, 915 P.2d 208, 219 (1996), *overruled on other grounds State v. Gallagher*, 2001 MT 39, ¶ 21, 304 Mont. 215, 19 P.3d 817 (*Gallagher II*)). A court's inquiry is adequate when a defendant's factual complaints are considered in conjunction with counsel's specific explanations addressing the complaints. *State v. Gallagher*, 1998 MT 70, ¶ 15, 288 Mont. 180, 955 P.2d 1371 (*Gallagher I*). On the other hand, "if a district court fails to conduct 'even a cursory inquiry,' such an effort is inadequate and justifies remand of

4

the case for further proceedings." *Happel*, ¶ 14 (quoting *State v. Weaver*, 276 Mont. 505, 511-12, 917 P.2d 437, 441-42 (1996)).

¶13 When a court's inquiry reveals that a defendant's complaints are seemingly substantial, a hearing must be held to determine their validity. *Happel*, ¶ 14. Conversely, where a court's inquiry determines that the complaints are not seemingly substantial, no hearing is required. *Id.* If a defendant does not request substitute counsel, a separate hearing is not required. *State v. Racz*, 2007 MT 244, ¶ 19, 339 Mont. 218, 168 P.3d 685; *State v. Molder*, 2007 MT 41, ¶ 33, 336 Mont. 91, 152 P.3d 722.

### a. *Mallak's pre-trial complaints*

¶14 The Municipal Court did not abuse its discretion when it declined to hold a hearing on Mallak's pre-trial complaints. First, the Municipal Court conducted an adequate initial inquiry into Mallak's complaints at the pre-trial conference. Mallak's complaints were that Michael used an investigator who had worked on a prior case Mallak had been involved in, and Michael had not spoken with Mallak until the morning of trial. Michael explained that his contact with the investigator was solely for information gathering purposes, and that he had been available to talk to Mallak for over a week preceding trial.

¶15 The record reflects that Mallak raised complaints to the Municipal Court, the Municipal Court made subsequent inquiries, and Michael addressed Mallak's complaints. This inquiry was not less-than-cursory. Thus, the Municipal Court possessed sufficient information to accurately determine whether Mallak's complaints were of a seemingly substantial nature. *Gallagher I*, ¶ 22.

5

¶16 Second, the Municipal Court did not abuse its discretion when it determined that Mallak's complaints did not warrant a separate hearing. The Municipal Court was confused by Mallak's complaints and diligently asked follow up questions in order to ascertain exactly what Mallak wanted. Ultimately, Mallak asserted he was being deprived of effective representation, but felt Michael was a "good attorney." While Mallak's statement reflects frustration with his circumstances, it cannot be construed as a request for substitution of counsel. In the absence of such a request, the Municipal Court did not abuse its discretion when it declined to hold a hearing on Mallak's complaints. *Molder*, ¶ 33.

### b. *Mallak's pre-sentencing complaints*

¶17 Contrary to Mallak's assertion, the Municipal Court did make an inquiry into Mallak's request that Michael be relieved as counsel. The record reflects that Mallak declined the Municipal Court's invitation to voice any complaints prior to sentencing. Michael, acting as Mallak's representative, made the Municipal Court aware of Mallak's dissatisfaction and request for substitute counsel. Michael offered his concerns about withdrawing at the sentencing stage. He had served as counsel through trial, was intimately familiar with the facts and circumstances, and was prepared to go through with sentencing. The Judge analyzed the situation, noted that Michael's representation had been effective thus far, and agreed that continued representation for the purposes of sentencing was a reasonable course of action. The Municipal Court Judge then inquired whether Mallak understood her position. This provided Mallak an opportunity to voice complaints, raise concerns, or articulate his own reasons for seeking Michael's removal. Instead, he responded

6

affirmatively, abandoned his request for substitution of counsel, and acquiesced to continued representation by Michael. Mallak cannot complain of a less-than-cursory inquiry when he himself foreclosed upon further discussion. Nor has he demonstrated he was prejudiced by the decision to proceed with sentencing. Based upon this record, the Municipal Court's decision to continue with sentencing, neither exceeded the bounds of reason, nor resulted in substantial injustice. *Gallagher II*, ¶ 4.

¶18 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶19 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ BRIAN MORRIS
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER